**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**EDDIE BRILEY, JR.
ADC # 116921**                                                                                       **PLAINTIFF**

**V.                           CASE NO. 5:11CV00274 BSM/BD**

**MANNIE L. DRAYER,** *et al.*                                                                **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:

>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

## II.    Background:

Eddie Briley Jr., an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983. (Docket entry #2) His original complaint included a number of different claims arising out of incidents at both the Grimes and Varner Supermax Units of the ADC. Because the complaint did not include enough facts for the Court to determine whether his case should be allowed to go further, Mr. Briley was ordered to file an amended complaint with only one federal claim. (#3) He then filed two amended complaints. (#5 and #6)

In his amended complaints, Mr. Briley raised almost all of the same claims that he raised in his original complaint, and he named sixteen Defendants.[1]  Rather than dismissing Mr. Briley's lawsuit based on his failure to comply with this Court's October 31 Order, however, the Court allowed him to proceed against Defendants Ramsey, Paige, and Maple for transferring him to the Varner Supermax Unit of the ADC without a hearing, in violation of his due process rights, and on his claim against Defendants Gibson, Banks, Meinzer, Maple, and Hobbs for not providing him a meaningful review of

---

[1] The Court notes that in his second amended complaint, he named only 13 individuals as Defendants.

his continued assignment to Varner Supermax, in violation of his due process rights.  Mr. Briley's remaining claims were dismissed.  (#15)

Now pending is the Defendants' motion for summary judgment.  (#41)  They argue that: Mr. Briley's claims against them for money damages are barred by sovereign immunity; Mr. Briley failed to exhaust his administrative remedies; and Mr. Briley's claims fail as a matter of law.  (#41)  Mr. Briley has responded to the motion.  (#45, #46)

Based on the undisputed evidence presented, the Court recommends that the Defendants' motion for summary judgment (#41) be GRANTED, and that Mr. Briley's claims be DISMISSED.

### III.   Discussion:

   A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleading and, by deposition, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)(internal citation omitted) ("The nonmoving party may not rest on mere allegation or denials, but must

demonstrate on the record the existence of specific facts which create a genuine issue for trial.")  If the opposing party fails to show that there are specific, important facts in dispute, summary judgment should be granted.  See *Celotex*, 477 U.S. at 322.

      B.      Sovereign Immunity

Mr. Briley's claims for money damages from the Defendants in their official capacities are barred by sovereign immunity.  A civil litigant cannot recover money damages from state actors sued in their official capacities.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).  For that reason, Mr. Briley's official-capacity claims seeking money damages must be dismissed.

      C.      Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA") requires that prisoners exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").  For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).  If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss all unexhausted claims.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Whether a claim has been properly exhausted turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 923 (2007). Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001). An inmate's subjective belief that the procedures were not available "does not matter" and is not determinative. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002)).

Here, Defendants argue that Mr. Briley failed to exhaust his administrative remedies as required by the PLRA, and that dismissal is mandatory. Barbara Williams, the ADC inmate grievance supervisor, testified that Mr. Briley fully exhausted five grievances relating to his assignment to administrative segregation at the Varner Supermax Unit, VSM-2325, VSM-11-2653, VSM-11-2654, VSM-11-2707, and VSM-11-2172. (#41-7 at pp.1-2) Defendants argue that, in those grievances, Mr. Briley did not complain that he was transferred to the Varner Supermax Unit without a hearing; nor did he complain that he had not received meaningful reviews since being placed in administrative segregation at the Varner Super Max Unit. Defendants contend that Mr. Briley complained only that he had been denied recreational time; that he was denied class II status; that he was retaliated against for filing a grievance against another ADC

5

officer; and that he had not been provided sufficient information as to why he was considered a threat to the good order of the institution.

Based on the undisputed evidence presented, it seems clear that Mr. Briley did not fully exhaust his claim that Defendants Ramsey, Paige, and Maple transferred him to the Varner Supermax Unit of the ADC without a hearing, in violation of his due process rights. In grievances VSM-11-2325, VSM-11-2707, and VSM-11-2172, Mr. Briley claims that he was transferred in retaliation for filing a grievance against an ADC officer. (#41-7 at pp.4, 14, 19) However, he does not reference the Defendants' alleged failure to provide any sort of hearing.

Mr. Briley has failed to come forward with any evidence to rebut the Defendants' evidence showing that he did not fully exhaust this claim. Accordingly, this claim must be dismissed, without prejudice.

The Court cannot reach the same conclusion, however, regarding Mr. Briley's claim that he was denied meaningful reviews while assigned to administrative segregation. In grievance VSM-11-2707, Mr. Briley complains that after the classification hearing held on July 12, 2011, he received the committee's factual findings. (#41-7 at p.14) He claims that the committee failed to provide any factual explanation as to why he remained a threat to the security and operation of the unit. (#41-7 at p.14) Viewing these facts in the light most favorable to Mr. Briley, it appears that he fully

exhausted the issue of whether he was provided a meaningful review.  Accordingly, Defendants are not entitled to judgment as a matter of law on this claim.

      D.      Due Process

Mr. Briley claims that due process requires that he be provided periodic, meaningful reviews while assigned to administrative segregation.  Mr. Briley is correct that periodic, meaningful reviews are constitutionally required for an inmate housed in administrative segregation for a prolonged period, but the Court must first determine whether Mr. Briley's due process rights were implicated in this case.  See *Williams v. Norris*, 277 Fed. Appx. 647, 649 (8th Cir. 2008); *Rahman X v. Morgan*, 300 F.3d 970, 973–74 (8th Cir. 2002) (discussing sufficiency of process for ADC inmate in segregation cell); *Jones v. Mabry*, 723 F.2d 590, 594 (8th Cir. 1983) (due process requires procedure for periodic review of Ad. Seg. status); *Kelly v. Brewer*, 525 F.2d 394, 400 (8th Cir. 1975) (where inmate is held in Ad. Seg. for prolonged or indefinite period, due process requires that his situation be reviewed periodically in meaningful way).

In order to prevail on a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action."  See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003).  Here, Mr. Briley relies on the denial of a liberty interest to support his due process claim.  *Id*.

Under settled law, a prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995). Placement in punitive isolation or administrative segregation for relatively short intervals, even if it results in a temporary suspension of privileges, does not constitute the type of "atypical and significant" hardship that triggers the protection of the Due Process Clause. See *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Rahman X*, 300 F.3d at 974 (inmate's placement in administrative segregation for twenty-six months without a disciplinary charge or conviction did not "demonstrate that his liberty interest was curtailed"); *Scott v. Coleman*, 2012 WL 5233519 (8th Cir. Oct. 23, 2012) (unpublished decision) (upholding district court's finding that plaintiff inmate failed to state a due process claim after assigned to punitive isolation for 158 days without a hearing); *Driscoll v. Youngman*, Case No. 95–4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not satisfy the *Sandin* standard); and *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. Dec. 15, 2009) (inmate plaintiff failed to state a due process claim after being assigned to administrative segregation for nearly nine months).

Here, it is undisputed that on May 25, 2011, Mr. Briley was assigned to administrative segregation.  (#41-6 at p.2)  He filed this lawsuit on October 20, 2011, only

five months after his initial placement in administrative segregation. (#2) Therefore, Mr. Briley has failed to show that he had a protected liberty interest under the Due Process Clause. Without an underlying liberty interest, Mr. Briley's due process claim fails as a matter of law. This claim should be dismissed, without prejudice.[1]

## IV.   Conclusion:

The Court recommends that Defendants' motion for summary judgment (#41) be GRANTED. Mr. Briley's claims against the Defendants in their official capacities for money damages should be DISMISSED, with prejudice. Mr. Briley's remaining claims should be DISMISSED, without prejudice.

DATED this 19th day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Briley filed this lawsuit nearly sixteen months ago. Based on a review of the docket sheet, Mr. Briley is no longer housed at the Varner Supermax Unit. However, the Court cannot determine from the record how long Mr. Briley was assigned to administrative segregation at Varner Supermax. For that reason, Mr. Briley's claim should be dismissed without prejudice so that he can pursue a due process claim in the event of a more substantial amount of time in administrative segregation.